IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BIANCA FRASER-JOHNSON and MICHAEL JOHNSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: _____ |
| v. | ) ) ) | |
| C. R. BARD, INC., BARD PERIPHERAL VASCULAR, INC., CHRISTIANA CARE HEALTH SERVICES, INC., CHRISTIANA CARE HEALTH SYSTEM, INC., THOMAS BAUER, M.D., CYNTHIA HELDT, M.D., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard" or "Bard Defendants") give notice of the removal of this action from the Superior Court of the State of Delaware in and for New Castle County (the "Superior Court") to the United States District Court for the District of Delaware (the "District Court" or this "Court"). In support of removal, Bard further states as follows:

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

### A. Multidistrict Litigation Proceedings

1. Product liability cases alleging personal injuries from Bard's line of inferior vena cava ("IVC") filters, which are prescription medical devices designed to prevent potentially fatal blood clots from migrating from patients' hips and legs to their lungs, have been filed in numerous federal courts around the country.

2. On August 17, 2015, the Judicial Panel on Multidistrict Litigation established MDL No. 2641, *In re: Bard IVC Filters Products Liability Litigation*, in the District of Arizona to coordinate all federal products liability litigation involving Bard's line of IVC filters. *See* Transfer Order, Aug. 17, 2015, attached hereto as Exhibit A.

3. Bard will identify this action, which involves product liability claims related to a Bard IVC filter, as a potential "tag-along" to the MDL proceeding.

**B. Plaintiffs' State Court Action**

4. On September 23, 2015, the Plaintiffs Bianca Fraser-Johnson and Michael Johnson commenced a civil lawsuit in Superior Court, by filing a complaint captioned *Bianca Fraser-Johnson and Michael Johnson v. C. R. Bard, Inc., et al.*, Case No. N15C-09-207 CLS. A true and correct copy of all process, pleadings and orders filed in Superior Court are attached hereto as Exhibit B.

5. This action involves allegations relating to a Bard Recovery® IVC filter. The Plaintiffs allege that Bard designed, manufactured, marketed, distributed, and sold the Recovery® Filter, and that the Recovery® Filter was implanted in Bianca Fraser-Johnson on or about July 5, 2005. *See* Ex. B, Compl. ¶ 19. The Plaintiffs assert claims against Bard for negligence, strict products liability (failure to warn, design defect, and manufacturing defect), breach of implied warranty of merchantability, negligent misrepresentation, and deceptive trade practice; and they also request punitive damages. *Id.* ¶¶ 27-91.

6. Additionally, the Plaintiffs assert causes of action against Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Thomas Bauer, M.D., and Cynthia Heldt, M.D. (collectively the "Health Care Defendants") for medical negligence. *Id.* ¶¶ 92-97.

## II. THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) and 1441

7. Pursuant to 28 U.S.C. section 1332(a) and 1441, this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000, and complete diversity of citizenship exists between the plaintiffs and properly joined defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. The Plaintiffs' medical negligence claims against the Health Care Defendants have been fraudulently misjoined or they should be severed from those against Bard under Federal Rule of Civil Procedure 21 and remanded to state court; thus, each of their citizenships should be disregarded for jurisdictional purposes. Finally, venue is proper.

### A. Amount in Controversy Exceeds $75,000

8. Where, as here, the Plaintiffs do not specifically allege that the amount in controversy is less than the jurisdictional minimum, the case will be remanded only if it appears to a legal certainty that the Plaintiffs cannot recover the jurisdictional amount specified in 28 U.S.C. § 1332(a). *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Thus, to oppose removal on this ground, the Plaintiffs must establish to a legal certainty that the amount in controversy will not be greater than $75,000. *Id.* (applying the legal certainty test espoused in *Samuel-Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir. 2004)). Additionally, in determining whether the amount in controversy is satisfied, the Court may include a request for punitive damages in the amount of potential recovery. *See Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004).

9. Here, the Plaintiffs' Complaint does not specify the amount of damages sought, and the Plaintiffs cannot meet their burden to establish to a legal certainty that the amount in controversy is less than $75,000. Indeed, the allegations in the Complaint make clear that the amount in controversy exceeds $75,000.00. The Plaintiffs allege that Bianca Fraser-Johnson

"underwent the surgical removal of a 4.5 cm wire in her chest that extended to the pericardium of her heart," and that this wire originated from the Recovery® Filter implanted in her. Ex. B, Compl. ¶¶ 20, 93. The plaintiffs further allege that, subsequently, Ms. Fraser-Johnson "experienced significant pain and spasm in her chest" and a physician determined that her Recovery® Filter had "fractured and that its broken parts had migrated to other areas of [her] body, including her heart." *Id.* ¶¶ 23-24. Consequently, the plaintiffs allege that Ms. Fraser-Smith underwent two surgeries to remove the Recovery® filter and its pieces on June 4 and 9, 2015. *Id.* In sum, as a result of Bard's Recovery® Filter, the Plaintiff Bianca Fraser-Smith claims to have "experienced significant injury and damage to her chest and heart, required multiple surgical procedures, incurred expenses for her care and treatment that may continue in the future, sustained a loss of earned income that may continue in the future, and experienced in the past and will experience in the future considerable pain, suffering, discomfort, embarrassment, mental anguish and emotional upset and distress." *Id.* ¶ 25. Additionally, Plaintiff Michael Johnson alleges to have suffered damages due to loss of his "wife's comfort, companionship, society, services, and consortium." *Id.* ¶ 26. Finally, the Plaintiffs seek punitive damages against Bard. *Id.* ¶¶ 89-91. Accordingly, the amount in controversy requirement has been met.

### B. Complete Diversity of Citizenship Exists Between the Plaintiffs and the Bard Defendants

10. Upon information and belief, the plaintiffs Plaintiffs are citizens of Delaware. *See* Ex. B, Compl. ¶ 1.

11. Defendant C. R. Bard, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey. Therefore, C. R. Bard, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c).

4

12. Defendant Bard Peripheral Vascular, Inc. is an Arizona corporation with its principal place of business in the State of Arizona. Therefore, Bard Peripheral Vascular, Inc. is a citizen of Arizona. *Id.*

**C. The Health Care Defendants' Citizenships Should Be Disregarded for Jurisdictional Purposes Because Claims Against Each of Them Are Fraudulently Misjoined**

13. The alleged Delaware citizenships of Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Thomas Bauer, M.D., and Cynthia Heldt, M.D. should be disregarded for jurisdictional purposes because the medical negligence claims against them are fraudulently misjoined with the product liability claims against the Bard Defendants. The fraudulent misjoinder doctrine, first discussed by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) and *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998), prevents improper party joinder from defeating diversity jurisdiction when there is "no real connection" between the underlying facts of the two classes of claims. Here, the factual and legal issues concerning the causes of action against Bard involve the design, manufacture, and labeling of Bard's Recovery® IVC filter, all of which took place long before Plaintiff Ms. Fraser-Johnson was treated with a Bard filter, and all of which took place outside of Delaware. In contrast, the factual and legal issues concerning the causes of action against the Healthcare Defendants involve the doctors' alleged interactions with Ms. Fraser-Johnson and their medical decision-making that allegedly took place in Delaware. In short, the issues concerning the design, manufacture, and labeling of the Recovery® Filter have nothing to do with the Health Care Defendants' alleged interactions with, and medical treatment regarding, the Plaintiff Ms. Fraser-Johnson. Thus, the claims against the Health Care Defendants have no real connection to the claims against Bard, and their joinder to this action cannot defeat this Court's original diversity jurisdiction.

### D. Alternatively, Plaintiffs' Claims Against the Health Care Defendants Should Be Severed Pursuant to Rule 21 Because They are Not Necessary and Indispensible Parties

14. In the alternative, even if the Health Care Defendants were not fraudulently misjoined, this Court should sever and remand the Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 21 because they are not necessary and indispensable parties. Under Rule 21, courts may sever claims against non-diverse defendants and thereby perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable party to be dropped at any time.").

15. Courts routinely use Rule 21 to perfect diversity jurisdiction, including in product liability actions where an MDL has been formed against a pharmaceutical or medical device company and the plaintiffs join medical malpractice claims against a non-diverse physician. For example, in *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), the plaintiffs filed a complaint in state court, alleging wrongful death after the decedent's exposure to the prescription drug, Heparin. The plaintiffs asserted product liability claims against Baxter International, Inc. and medical malpractice claims against the decedent's non-diverse treating physicians. *Id.* at 870. Baxter removed, arguing that the district court should perfect diversity jurisdiction by severing and remanding the plaintiffs' malpractice claims against the treating physicians. The action was transferred to the Heparin MDL, and the MDL court ruled on the motion to remand, concluding that the treating physicians were not indispensable parties under Rule 19 because the "medical malpractice allegations differ from [plaintiffs'] products liability claim, which focuses on Baxter's conduct in designing, manufacturing, labeling and recalling tainted Heparin." *Id.* at 872. The court then concluded that severance under Rule 21 was appropriate because "the plaintiffs will benefit from the MDL process: they will not bear the

6

burden of having to engage on their own, and at their sole expense, in discovery vis-a-vis Baxter," and "the inconvenience and potential prejudice to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before me." *Id*. at 873.[1]

16. Likewise, here, the Health Care Defendants are not indispensible parties. The claims against them deal with the physicians' medical treatment and interactions with the Plaintiff Bianca Fraser-Johnson, whereas the Plaintiffs' product liability claims against Bard deal with entirely different issues of the design, manufacture, and labeling the Recovery® Filter. Moreover, transfer of the Plaintiffs' claims against Bard to the Bard IVC Filter MDL will advance the convenience and efficiency of the case, eliminate duplicative discovery, prevent inconsistent pre-trial rulings, and conserve the resources of the judiciary, the parties, and their counsel. Accordingly, even if the Court finds the Health Care Defendants are not fraudulently misjoined, the Court should sever and remand the claims against them to perfect diversity jurisdiction over Bard.

**E. Venue Is Proper**

17. New Castle County, Delaware, is located within the United States District Court for the District of Delaware, and therefore venue for this action is proper in this Court because the District of Delaware is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 87.

---

[1] Other courts have similarly severed medical malpractice claims from product liability claims where an MDL has been formed against the defendant pharmaceutical or medical device manufacturer. *See, e.g., Sullivan v. Calvert Mem. Hosp.*, 2015 WL 4614467 (D. Md. July 30, 2015) (severing medical malpractice claims against non-diverse doctors to retain jurisdiction over product liability claims against medical device manufacturer before transfer to the MDL, noting that although the two sets of claims "may involve the same physical object that is the source of the products liability claims against the Ethicon Defendants, the medical negligence claims against the Maryland Healthcare Defendants involve legal standards and factual inquiries distinctly different from the products liability claims . . . ."); *Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492 (E.D. Ky. May 28, 2015) (same, noting that the medical malpractice claim "is highly distinct from the various claims brought . . . for products liability"); *Cooke-Bates v. Bayer Corp.*, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) (same).

7

## III. PURSUANT TO 28 U.S.C. § 1446, BARD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

18. A copy of all process, pleadings, and orders served upon Bard in Superior Court under C.A. No. N15C-09-207 CLS is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

19. Bard Peripheral Vascular, Inc. was served on October 5, 2015; and C. R. Bard, Inc. was served on September October 6, 2015. Thus, this Notice of Removal is filed within 30 days after Bard's receipt, through service or otherwise, of the initial pleading setting forth a claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b)(1). Accordingly, Bard's removal of this action is timely.

20. Although not necessary because Bard maintains that the claims against the Health Care Defendants have been fraudulently misjoined or should be severed, the Health Care Defendants have consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Bard anticipates that counsel for the Health Care Defendants will file a consent to removal shortly after the filing of this Notice of Removal.

21. Promptly after filing the instant Notice of Removal, Bard will give written notice to all adverse parties and will file a copy of the Notice with the Clerk of the Superior Court, which will effect the removal of the action to this Court. *See* 28 U.S.C. § 1446(d).

22. The prerequisites for removal under 28 U.S.C. § 1446 have been met.

23. If any questions arise as to the propriety of the removal of this action, Bard Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully remove this action from the Superior Court of the State of Delaware in and for New Castle County to the United States District Court for the

District of Delaware, and pray that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  October 23, 2015

Respectfully submitted,

REED SMITH LLP

*/s/ Diana Rabeh*
Diana Rabeh (No. 5790)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Fax:  (302) 778-7575
drabeh@reedsmith.com

*Counsel for Defendants C.R. Bard, Inc. and C.R. Bard Peripheral Vascular, Inc.*

# CERTIFICATE OF SERVICE

I, Diana Rabeh, hereby certify that on the 23rd day of October, 2015, that I served a true and correct copy of the attached NOTICE OF REMOVAL (WITH EXHIBITS A-B) via U.S. Mail upon the following parties:

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Richard A. Zappa, Esq.
Timothy E. Lengkeek, Esq.
1000 North King Street
P.O. Box 391
Wilmington, Delaware 19899-0391
*Counsel for Plaintiffs*

**WHITE AND WILLIAMS LLP**
John D. Balaguer, Esq.
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
*Counsel for Christiana Care Health Services, Inc.,
Christiana Care Health System, Inc., Thomas Bauer, M.D.,
and Cynthia Heldt, M.D.*

Dated: October 23, 2015

REED SMITH LLP

*/s/ Diana Rabeh*
Diana Rabeh (No. 5790)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Fax: (302) 778-7575
drabeh@reedsmith.com

*Counsel for Defendants C.R. Bard, Inc. and
C.R. Bard Peripheral Vascular, Inc.*