# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIANCA FRASER-JOHNSON and MICHAEL JOHNSON, | ) ) ) |
| Plaintiffs, | ) ) Case No: 1:15-cv-00968-LPS ) |
| v. | ) ) |
| C. R. BARD, INC., BARD PERIPHERAL VASCULAR, INC., CHRISTIANA CARE HEALTH SERVICES, INC., CHRISTIANA CARE HEALTH SYSTEM, INC., THOMAS BAUER, M.D., CYNTHIA HELDT, M.D., | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO SEVER AND REMAND CLAIMS AGAINST DEFENDANTS CHRISTIANA CARE HEALTH SERVICES, INC., CHRISTIANA CARE HEALTH SYSTEM, INC., THOMAS BAUER, M.D., AND <u>CYNTHIA HELDT, M.D.</u>**

Dated: October 29, 2015

REED SMITH LLP
Diana Rabeh (No. 5790)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Fax: (302) 778-7575
drabeh@reedsmith.com

*Counsel for Defendants C.R. Bard, Inc. and C.R. Bard Peripheral Vascular, Inc.*

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    A.     Plaintiffs' Medical Malpractice Claims Against The Health Care Defendants Should Be Severed Pursuant To Federal Rule Of Civil Procedure 21 ............................................................................................................. 3

    B.     Severing Claims Against The Health Care Defendants Is Appropriate Because The Health Care Defendants Are Not Necessary Or Indispensable Parties. ............................................................................................................. 5

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bhatla v. U.S. Capital Corp.*,
    990 F.2d 780 (3d. Cir. 1993) ...................................................................................3

*Cooke-Bates v. Bayer Corp.*,
    No. 3:10-cv-261, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) .............................5, 8

*DeGidio v. Centocor, Inc.*,
    No. 3:09CV721, 2009 WL 1867676 (N.D. Ohio June 29, 2009), *as amended*
    (July 8, 2009) ..........................................................................................................5

*Enza, Inc. v. We The People, Inc.*,
    838 F. Supp. 975 (E.D. Pa. 1993) ...........................................................................7

*Joseph v. Baxter International, Inc.*,
    614 F. Supp. 2d 868 (N.D. Ohio 2009) .............................................................4, 7, 8

*Mayfield v. London Women's Care, PLLC*,
    No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015) ........................5, 6, 7

*Newman-Green, Inc. v. Alfonzo-Lorrain*,
    490 U.S. 826 (1989) ................................................................................................3

*Official Comm. of Unsecured Creditors v. Shapiro*,
    190 F.R.D. 352 (E.D. Pa. 2000) .............................................................................5

*Sullivan v. Calvert Mem. Hosp.*,
    No. PJM 15-1188, 2015 WL 4614467 (D. Md. July 30, 2015) ........................4, 7, 8

*Temple v. Synthes Corp.*,
    498 U.S. 5 (1990) ................................................................................................5, 7

*Todd by Todd v. Merrell Dow Pharms., Inc.*,
    942 F.2d 1173 (7th Cir. 1991) .................................................................................5

**Statutes**

28 U.S.C. § 1332 .............................................................................................................1

28 U.S.C. § 1441 .............................................................................................................1

28 U.S.C. § 1446 .............................................................................................................1

**Rules**

Fed. R. Civ. P. 19 ................................................................................................................. 3, 4

Fed. R. Civ. P. 19(a) ........................................................................................................ 5, 7, 8

Fed. R. Civ. P. 19(b) ............................................................................................................ 7, 8

Fed. R. Civ. P. 21 ............................................................................................................ 1, 3, 4

## NATURE AND STAGE OF THE PROCEEDINGS

On or about September 23, 2015, Plaintiffs Bianca Fraser-Johnson and Michael Johnson (collectively, "Plaintiffs") filed this action against Defendants C. R. Bard, Inc. ("Bard"), Bard Peripheral Vascular, Inc. ("BPV" and together with Bard, the "Bard Defendants"), Defendants Christiana Care Health Services, Inc. ("Christina Care Health Services"), Christiana Care Health System, Inc. ("Christiana Care Health Systems"), Thomas Bauer, M.D. ("Dr. Bauer"), and Cynthia Heldt, M.D. ("Dr. Heldt", and together with Christiana Care Health Services, Christiana Care Health Systems, Dr. Bauer, the "Health Care Defendants") in Superior Court of the State of Delaware in and for New Castle County. On October 23, 2015, the Bard Defendants removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (D.I. 1). On October 26, 2015, the Health Care Defendants filed their consent to removal of this action to this Court. (D.I. 4). Pursuant to Federal Rule of Civil Procedure 21 and applicable law, the Bard Defendants filed contemporaneously herewith their Motion to Sever and Remand Claims Against Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Thomas Bauer, M.D., and Cynthia Heldt, M.D. ("Motion to Sever and Remand"). This is the Bard Defendants' Opening Brief in support of their Motion to Sever and Remand.

## PRELIMINARY STATEMENT

Federal courts around the country routinely exercise their power under Federal Rule of Civil Procedure 21 to sever and remand medical malpractice claims against dispensable, nondiverse physicians and hospitals when they are joined to product liability claims against pharmaceutical or medical device manufacturers – especially when an MDL has been formed. This precise scenario is the subject of Bard Defendants's Motion to Sever and Remand: medical malpractice claims against nondiverse Health Care Defendants are joined with product liability

claims against the Bard Defendants where an MDL has been formed regarding the medical device at issue. As many courts have found, severing and remanding the medical malpractice claims against the dispensable and nondiverse physicians and hospitals, and retaining jurisdiction over the product manufacturer for transfer of the case to the MDL, will result in the most overall efficiency and least overall prejudice to the judiciary and parties. As such, the Court should sever and remand the Plaintiffs' claims against the Health Care Defendants, and retain jurisdiction over the claims against the Bard Defendants.

## STATEMENT OF FACTS[1]

Inferior vena cava ("IVC") filters are prescription medical devices designed to prevent potentially fatal blood clots from migrating from patients' hips and legs to their lungs. Product liability cases alleging personal injuries from Bard's line of IVC filters have been filed in numerous federal courts around the country. On August 17, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2641, *In re: Bard IVC Filters Products Liability Litigation*, in the District of Arizona ("Bard IVC Filter MDL") to coordinate and consolidate pretrial discovery of all federal products liability litigation involving Bard's IVC filters. *See* MDL Transfer Order, dated Aug. 17, 2015, attached hereto as Exhibit A.

This case involves Plaintiff Bianca Fraser-Johnson's treatment relating to a Bard IVC filter. Plaintiffs allege that the Bard Defendants' designed, manufactured, marketed, distributed, and sold the IVC Filter, and that the IVC Filter was implanted in Ms. Fraser-Johnson on or about July 5, 2005. *See* Complaint, ¶ 19, attached hereto as Exhibit B. The Plaintiffs assert claims against the Bard Defendants for negligence, strict products liability (failure to warn, design defect, and manufacturing defect), breach of implied warranty of merchantability, negligent

---

[1] The following section is based in part upon facts alleged in the Complaint and facts of which the Court can take judicial notice. By reciting allegations in the Complaint, the Bard Defendants do not admit the accuracy of those allegations.

misrepresentation, and deceptive trade practice. *Id.* ¶¶ 27-91. The Plaintiffs also assert a cause of action the Health Care Defendants for medical negligence. *Id.* ¶¶ 92-97.

The product liability claims against the Bard Defendants in the action involve the same issues being addressed in the Bard IVC Filter MDL. As such, the Bard Defendants have identified the Plaintiffs' case as a "potential tag-along" action to the JPML and the JPML has issued an order conditionally transferring this action to the Bard IVC Filter MDL. *See* Conditional Transfer Order, attached hereto as Exhibit C. In forming the Bard IVC Filter MDL, the JPML found that centralization of such claims "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Ex. A (Transfer Order) at 1. The JPML also found that "[c]entralization will eliminate duplicative discovery, avoid inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary." *Id.*

## ARGUMENT

**A. Plaintiffs' Medical Malpractice Claims Against The Health Care Defendants Should Be Severed Pursuant To Federal Rule Of Civil Procedure 21**

Federal Rule of Civil Procedure 21 empowers courts to sever claims against nondiverse and dispensable parties to retain diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 832 (1989) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered"); *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 786 (3d. Cir. 1993) (using Rule 21 to sever and dismiss the claims against the nondiverse, dispensable parties to retain diversity jurisdiction).

Numerous courts have used Rule 21, in conjunction with Rule 19 regarding required joinder of parties, to sever and remand medical malpractice claims against nondiverse health care

defendants when they are joined to product liability claims against pharmaceutical or medical device manufacturers (like Bard) when an MDL has been formed (like the Bard IVC Filter MDL). For example, in *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), the plaintiffs filed a complaint in state court, alleging wrongful death after the decedent's exposure to the prescription drug, Heparin. *Id.* at 870. The plaintiffs asserted product liability claims against Baxter International, Inc. and medical malpractice claims against the decedent's non-diverse treating physicians and related healthcare entities. *Id.* A Heparin MDL had been established, and the court concluded that the treating physicians were not indispensable parties under Rule 19 because the "medical malpractice allegations differ from [plaintiffs'] products liability claim, which focuses on Baxter's conduct in designing, manufacturing, labeling and recalling tainted Heparin." *Id.* at 872. The court then concluded that severance under Rule 21 was appropriate because "the plaintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-a-vis Baxter," and "the inconvenience and potential prejudice to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before me." *Id*. at 873; *see id.* at 874 (discussing numerous JPML decisions under similar facts, finding that medical malpractice claims do not share sufficient questions of fact in common with product liability claims, and severing and remanding the medical malpractice claims before transfer of the product liability claims to the MDL); *Sullivan v. Calvert Mem. Hosp.*, No. PJM 15-1188, 2015 WL 4614467 (D. Md. July 30, 2015) (severing medical malpractice claims against nondiverse doctors and hospital to retain jurisdiction over product liability claims against medical device manufacturer before transfer to the MDL, noting that although the two sets of claims "may involve the same physical object that is the source of the products liability claims

against the Ethicon Defendants, the medical negligence claims against the Maryland Healthcare Defendants involve legal standards and factual inquiries distinctly different from the products liability claims"); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015) (same); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) (same); *DeGidio v. Centocor, Inc.,* No. 3:09CV721, 2009 WL 1867676, at *1 (N.D. Ohio June 29, 2009), *as amended* (July 8, 2009) (same); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding doctor who performed an implant surgery was not a necessary party to a products liability action against the medical device's manufacturer); *Todd by Todd v. Merrell Dow Pharms., Inc.*, 942 F.2d 1173, 1176-78 (7th Cir. 1991) (finding that medical malpractice defendant not indispensible in a products liability case against a drug manufacturer).

B.  **Severing Claims Against The Health Care Defendants Is Appropriate Because The Health Care Defendants Are Not Necessary Or Indispensable Parties.**

The Health Care Defendants are not necessary parties to this case. A party is necessary under Federal Rule of Civil Procedure 19(a) only if "1) relief cannot be accorded without the third party; 2) an adjudication of the parties' rights 'would impair or impede an absent party's ability to protect its interests in the subject matter of the litigation; and 3) there would otherwise be a substantial risk of multiple or inconsistent obligations." *Official Comm. of Unsecured Creditors v. Shapiro,* 190 F.R.D. 352, at 356 n. 7 (E.D. Pa. 2000) (citations omitted). As the many cases cited above addressing this precise issue have found, the nondiverse Health Care Defendants do not meet any of the elements required to be a "necessary" party.

First, the Plaintiffs' product liability claims can be adjudicated without the Health Care Defendants, as the factual and legal issues concerning the product liability claims (i.e., issues about the design, manufacture, and labeling of the Bard Filter) are entirely different than those

concerning the medical malpractice claims (i.e., issues about the Health Care Defendants' interactions with and care for the plaintiff). *See, e.g., Mayfield, 2015 WL 3440492, at \*4* (noting that the medical malpractice claim "is highly distinct from the various claims brought . . . for products liability. Not only is it comprised of unique legal elements, it is based on completely different factual allegations.").

Second, severing the Health Care Defendants will not impair or impede their defense because the case against them will still proceed in state court where they will have all of the legal defenses available to them that they would have in federal court; and resolution of the product liability claims against Bard Defendants has no bearing on the resolution of the claims against the Health Care Defendants. Indeed, upon information and belief, the Bard Defendants expect that the Health Care Defendants will join in Bard's motion to sever their claims.

Third, failing to sever the Health Care Defendants almost certainly would subject the Bard Defendants (and by extension the Plaintiffs) to multiple and inconsistent rulings by having this case adjudicated in Delaware state court. For example, the scope of discovery allowed of the Bard Defendants in Delaware state court most likely will be different than the scope allowed in the MDL, which could prejudice the Bard Defendants or the Plaintiffs. Likewise, individual discovery decisions, such as protective orders, responses to discovery requests, privilege issues and *Daubert* rulings are likely to have inconsistent rulings, resulting in similar prejudice to either the Bard Defendants or the Plaintiff. The JPML made similar conclusions in forming the Bard IVC Filter MDL, noting that centralization of the claims against Bard would "eliminate duplicative discovery, avoid inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice) . . . ." Ex. A, Tr. Or. at 1. For these same reasons, district courts often cite the existence of an MDL as a critical factor to their decisions to sever

medical malpractice defendants. *See, e.g., Sullivan,* 2015 WL 4614467, at *5 ("[T]here is a critical policy reason why the Court exercises its discretion and severs the two defendant groups. Severance is particularly appropriate in this case because it would allow for the transfer of Sullivan's claims against the Ethicon Defendants to Multi-District Litigation . . . ."); *Mayfield*, 2015 WL 3440492, at *5 (noting "the undeniable upside" to the MDL, including lower cost to the plaintiff in litigating against the medical device manufacturer, the plaintiffs' enhanced ability to potentially negotiate a settlement, and the ability to proceed with discover of the medical malpractice claim in state court immediately and more efficiently); *Joseph*, 614 F. Supp. 2d at 873 (noting that the plaintiff will benefit from the MDL process).

For each of these reasons, the Health Care Defendants are not necessary under Rule 19(a), and the claims against them should be severed. *See e.g.*, *Temple*, 498 U.S. at 8 (1990) (per curiam) (if the party is not "necessary" under the threshold requirement of Rule 19(a), the court need not conduct an inquiry under Rule 19(b)). But even if the Court were to find that the Health Care Defendants were somehow necessary parties, the claims against them should still be severed because the three relevant factors in Rule 19(b) show that they are dispensable parties: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to any of the parties; (2) the extent to which the prejudice can be lessened or avoided; and (3) whether a judgment rendered in the party's absence will be adequate. Fed. R. Civ. P. 19(b); *Enza, Inc. v. We The People, Inc.*, 838 F. Supp. 975, 978 (E.D. Pa. 1993).

All three Rule 19(b) factors support severance because the Plaintiffs maintain an adequate remedy against the Health Care Defendants in state court, the MDL provides the Plaintiffs and the Bard Defendants with significant benefits, and, although the Plaintiffs would be required to pursue two separate actions, their separate pursuits would be cheaper and more

efficient than a single action against the Bard Defendants and the Health Care Defendants. *See, e.g.,* Ex. A, Tr. Or. at 1 (finding that centralization of the cases in an MDL will "conserve the resources of the parties, their counsel and the judiciary"); *Sullivan*, 2015 WL 4614467, at *5 (any inconvenience in pursuing two cases is far exceeded by the prejudice to the manufacturer and would defeat the purpose of an MDL); *Cooke-Bates*, 2010 WL 3984830, at *4 (although the plaintiff would be required to pursue two cases, the MDL offers cost and administrative efficiencies); *Joseph*, 614 F. Supp. 2d at 873 (the plaintiff maintains an adequate remedy against the healthcare defendants in state court while benefiting from the MDL processes, lessening the expenses of litigating, and enhancing the chances of settlement in the MDL).

Accordingly, the Health Care Defendants are neither necessary parties under Rule 19(a) nor indispensable parties under Rule 19(b). Each finding offers an independent ground to sever the claims against them from those against the Bard Defendants.

## **CONCLUSION**

In sum, many courts around the country have found that the different factual and legal issues involved in medical malpractice and product liability claims coupled with the many efficiencies of an MDL warrant severance of the claims against nondiverse healthcare defendants, such as physicians and hospitals. Moreover, these courts have found that any inconvenience to the plaintiffs in litigating two separate claims is greatly outweighed by the benefits to the plaintiffs and the product liability defendant from the MDL process, the prejudice to the parties in not participating in the MDL, and the adequacy of pursuing the medical malpractice claims in state court. For each of these reasons, Defendants C. R. Bard, Inc. ("Bard"), Bard Peripheral Vascular, Inc. respectfully request this Court sever and remand the claims against Christiana Care Health Services, Inc., Christiana Care Health System, Inc.,

Thomas Bauer, M.D., and Cynthia Heldt, M.D. to the Superior Court of Delaware, New Castle County for adjudication and retain the claims against the Bard Defendants.

| | |
|---|---|
| Dated: October 29, 2015 | Respectfully submitted,<br><br>REED SMITH LLP<br><br>*/s/ Diana Rabeh*<br>Diana Rabeh (No. 5790)<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500<br>Fax: (302) 778-7575<br>drabeh@reedsmith.com<br><br>*Counsel for Defendants C.R. Bard, Inc. and C.R. Bard Peripheral Vascular, Inc.* |